JUSTICE RICE,
dissenting.
¶52 I dissent from the Court’s resolution of Issue One and would not reach Issues Two-Five.
¶53 The Court states that the State argues for the first time on appeal that Johnston’s claim is barred by § 46-21-105(2), MCA, and reasons that the State has therefore “waived” this procedural bar. Opinion, ¶ 21. The record reflects that, in its written response to Johnson’s petition for post-conviction relief, the State argued that “[a]ny claims which could have been raised on direct appeal may not be raised in a petition for post-conviction relief,” citing § 46-21-105(2), MCA, but thereafter focused its argument on the time bar and the substantive merits of Johnston’s claims.
¶54 For the reasons set forth in my dissent in Davis v. State, 2008 MT 226, 344 Mont. 300, 187 P.3d 654, regarding the similar issue of the time bar set forth in § 46-21-102, MCA, I disagree with the Court’s analysis with regard to the holdings of our previous cases and the effect of the post-conviction statutes. I do not believe that the procedural bar at issue here was waived or forfeited by the State, and would conclude that Johnston’s claims were barred by that provision.
CHIEF JUSTICE GRAY joins in the foregoing dissenting Opinion of JUSTICE RICE.